IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs May 21, 2002

## STATE OF TENNESSEE v. LARRY DOUGLAS

**Direct Appeal from the Criminal Court for Hamilton County**
**No. 233969     Rebecca J. Stern, Judge**

---

**No. E2001-01945-CCA-R3-CD Filed July 16, 2002**

---

After failing to report to his arrest house and failing a drug screen, defendant's sentence in the Community Corrections Program was revoked, and defendant appealed the revocation. The record contains substantial evidence to support the revocation. We affirm the judgment.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

JOHN EVERETT WILLIAMS, J., delivered the opinion of the court, in which THOMAS T. WOODALL and NORMA MCGEE OGLE, JJ., joined.

Ardena J. Garth, District Public Defender, and Donna Robinson Miller, Assistant District Public Defender, for the appellant, Larry Douglas.

Paul G. Summers, Attorney General and Reporter; Helena Walton Yarbrough, Assistant Attorney General; William H. Cox III, District Attorney General; and Lila J. Statom, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

Defendant Larry Douglas was indicted by a Hamilton County grand jury for selling cocaine. He pled guilty to the offense and was sentenced to three years in a Community Corrections program. A violation report was subsequently issued against defendant for violating the conditions of the Community Corrections sentence. After a hearing, the trial court revoked defendant's Community Corrections sentence and ordered defendant to serve the remainder of his sentence in the Tennessee Department of Correction. Notice of appeal timely followed.

Officer David Gann of the Hamilton County Community Corrections Department testified that he was assigned to defendant when defendant was sentenced to Community Corrections. He stated that on March 16, 2001, defendant failed to return to the arrest house by 6:00 p.m., as required pursuant to the terms of his Community Corrections sentence. He stated that defendant subsequently

never reported to the Community Corrections office again. Attempts to contact defendant on the following day and have him report to the office were also unsuccessful. Officer Gann testified that just prior to March 16, defendant failed a drug screen test.

Defendant testified that there were many people who smoked marijuana and used drugs in the neighborhood in which he was living and that he participated in smoking marijuana with them while on Community Corrections. He also stated that he came in late one night, thereby violating his curfew. Officer Gann contacted defendant and requested that he report to him, but defendant failed to do so. Defendant stated that he delayed going in because he believed he would be locked up after violating his curfew and failing the drug screen. Officer Gann subsequently filed a violation report against defendant.

At the conclusion of the evidence, the trial court found that defendant violated the terms of his Community Corrections sentence by testing positive on a drug screen and by absconding from the program.

A trial court has the discretion to revoke a Community Corrections sentence upon a finding that the defendant has violated the conditions of his behavioral contract. State v. Harkins, 811 S.W.2d 79, 82 (Tenn. 1991). Before revocation, however, the record must contain sufficient evidence to permit the trial court to make an intelligent and conscientious decision. Id. The trial court's decision will not be disturbed absent a finding that the trial court abused its discretion. Id. To find an abuse of discretion, this Court must conclude that the record contains no substantial evidence to support the conclusion of the trial court that defendant violated the terms of the Community Corrections program. Id.

The record reflects that defendant violated the terms of the Community Corrections Program by failing to report to his arrest house. He also failed a drug screening. Defendant admitted to violating his curfew and subsequently "stalling" his corrections officer because he was afraid he would be locked up. There is substantial evidence to support the finding that defendant violated the terms of his sentence. Moreover, defendant admitted that his neighborhood is home to other drug users who have obviously succeeded in tempting defendant to violate the terms of his sentence.

**CONCLUSION**

Accordingly, we affirm the judgment of the trial court.

_____
JOHN EVERETT WILLIAMS, JUDGE